**Michael McNEIL, Plaintiff–Appellant,**

v.

**Ortiz SINGH, M.D.; et al.,
Defendants–Appellees.**

No. 13–16059.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 28, 2014.

Michael McNeil, Chowchilla, CA, pro se.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM ***

California state prisoner Michael McNeil appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and invasion of his privacy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed McNeil's deliberate indifference claims because, at most, McNeil alleged a mere difference of opinion regarding the course of his medical treatment. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996); *see also Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir.2011) (discussing the requirements for establishing supervisory liability); *Hebbe v. Pliler,* 627 F.3d 338, 341–42 (9th Cir.2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed McNeil's informational privacy claims. *See Seaton v. Mayberg,* 610 F.3d 530, 533–35 (9th Cir.2010) (holding that prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them); *see also Hebbe,* 627 F.3d at 341–42.

The district court did not abuse its discretion by dismissing McNeil's claims without leave to amend because McNeil cannot correct the defects in his complaint. *See Lopez v. Smith,* 203 F.3d 1122, 1130–31 (9th Cir.2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.